# EXHIBIT B

12/22/2020 3:08 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 49178975
By: Lisa Thomas
Filed: 12/22/2020 3:08 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **JOSE ANGEL HERRERA**<br>**Plaintiff** | §<br>§<br>§<br>§ | **IN THE DISTRICT COURT** |
| **V.** | §<br>§<br>§<br>§ | \_\_\_\_ **JUDICIAL DISTRICT** |
| **TARGET CORPORATION,**<br>**Defendant** | §<br>§ | **HARRIS COUNTY, TEXAS** |

<u>**PLAINTIFF'S ORIGINAL PETITION**</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Jose Angel Herrera, hereinafter called Plaintiff, complaining of Target Corporation, hereinafter called Defendant, and for cause of action show unto the Court the following:

## I.
## LEVEL

Discovery is intended to be conducted under Level 2 of Texas Rules of Civil Procedure 190.

## II.
## PARTIES

Plaintiff, Jose Angel Herrera, is an individual who resides in Harris County.

Defendant, Target Corporation is a Corporation doing business in Harris County, Texas. Defendant may be served with process by serving its registered agent CT Corporation System at 1999 Bryan St. STE 900, Dallas, Texas 75201.

## III.
## VENUE

The subject matter in controversy is within the jurisdictional limits of this court.

Plaintiffs seek:

1

      a.      only monetary relief of over $250,000 and not less than $1,000,000.00, or less including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because the cause of action occurred in Harris County, Texas.

## IV.
## FACTS

This suit is brought under and by virtue of the laws of the State of Texas to recover those damages which Plaintiff is justly entitled to receive as compensation for injuries he sustained in an incident that happened on or about August 23, 2020. On that date, Plaintiff, an invitee, was a contract worker for a company hired to perform remodeling work in a Target location in Houston, Texas. While performing the work, Plaintiff slipped and fell on a wet rug. The rug was drenched in water that originated from a nearby freezer. The premises owned by Defendant was negligently maintained. On the date of the incident, the premises were under the custody and control of the Defendant that resulted in severe injuries. The Defendant failed to warn Plaintiff of the dangerous condition and failed to make the dangerous condition safe for Plaintiff prior to his fall.

## V.
## NEGLIGENCE

The occurrence made the basis of this suit and the resulting injuries and damages were proximately caused by the negligence and/or negligence per se of the Defendant, for a variety of acts and omissions, including but not limited to one or more of the following:

1.      In failing to properly maintain said premises in a reasonable manner;

2.      In failing to properly maintain said premises in a safe manner;

2

3. In failing to exercise caution;

4. In failing to provide warning; and,

5. In maintaining said premises in a reckless and careless manner.

Each and all of the above acts and/or omissions constituted negligence and each and all were the proximate cause of the following made the basis of this suit and the injuries and damages suffered by the Plaintiff herein.

## VI.
## PREMISES LIABILITY-INVITEES

The occurrence made the basis of this suit and the resulting injuries and damages were caused by the Defendant's failure to properly maintain said premises in a safe manner. Plaintiff would show that:

1. The Plaintiff was an invitee;

2. The Defendant was a possessor of that premises;

3. A condition on the premises posed an unreasonable risk of harm;

4. The Defendant knew or reasonably should have known of the danger;

5. The Defendant breached its duty of ordinary care by both:

    a. Failing to adequately warn the Plaintiff of the condition, and

    b. Failing to make the condition reasonably safe; and

6. The Defendant's breach proximately caused the Plaintiff's injuries.

## VII.
## DAMAGES

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer pain and suffering and to incur the following damages:

3

A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering in the future;

E. Physical impairment in the past;

F. Physical impairment which, in all reasonable probability, will be suffered in the future;

G. Loss of earnings in the past;

H. Loss of earning capacity which will, in all probability, be incurred in the future;

I. Disfigurement in the past;

J. Disfigurement in the future;

K. Mental anguish in the past; and

L. Mental anguish in the future.

## VIII.
## JURY TRIAL

Plaintiff respectfully requests a trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of

court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**BASU LAW FIRM, PLLC**

/S/Annie Basu

---

Annie Basu
TBN: 24047858
Jordan Sloane
TBN: 24118537
P. O. Box 550496
Houston, Texas 77255
Tel: 713-460-2673
Fax: 713-690-1508
info@basulaw.com
**ATTORNEY FOR PLAINTIFF**

## **REQUESTS FOR DISCLOSURE**

Pursuant to the provisions of Tex. R. Civ. P. Rule 190.3, Plaintiff serves upon Defendant, Texas Rule of Civil Procedure 194 Request for Disclosure. You are hereby requested to disclose the information or material described in Rule 194.2(a); 194.2(b); 194.2(c); 194.2(e); 194.2(f) (1), 194.2(f)(2), 194.2(f)(3), 194.2(f)(4)(A), and 194.2(f)(4)(B); 194.2(g); 194.2(h); 194.2(i); 194.2(j),194.2(k) and 194.2 (l) within fifty days of your receipt of this document, by sending your responses to Annie Basu, P. O. Box 550496, Houston, Texas 77255.

/s/Annie Basu

_____
ANNIE BASU

1/12/2021 1:25 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 49626950
By: Kevin Childs
Filed: 1/12/2021 1:25 PM

CAUSE NO. 2020-82345

| | | |
|---|---|---|
| JOSE ANGEL HERRERA, | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| TARGET CORPORATION, | § | |
| *Defendant.* | § | 125th JUDICIAL DISTRICT |

# DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Target Corporation, Defendant in the above entitled and numbered cause, and in answer to the Plaintiff's pleadings on file herein, would respectfully show unto the Court as follows:

## A.
## GENERAL DENIAL

1. Defendant asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and respectfully request that Plaintiff be required to prove the charges and allegations against this Defendant by the evidence as is required by the laws of the State of Texas.

## B.
## CREDIT / OFFSET

2. In the unlikely event that Defendant is found liable to Plaintiff, Defendant affirmatively pleads that it is entitled to a dollar-for-dollar credit/offset for any and all sums Plaintiff has received or may hereafter receive by way of any and all payments or settlements of any claims, causes of action, or potential causes of action arising out of the

incident made the basis of this lawsuit. This written election is being made pursuant to §33.012(b)(1) of the Texas Civil Practice & Remedies Code.

## C.
## RIGHT TO SUPPLEMENT

3.     Defendant respectfully reserves the right at this time to amend this Original Answer to the Plaintiff's allegations after said Defendant has had the opportunity to investigate more closely these claims, as is the right and privilege of said Defendant under the Rules of Civil Procedure and the laws of the State of Texas.

## D.
## DISCOVERY DOCUMENTS

4.     By way of further Answer, Defendant hereby gives actual notice to the Plaintiff, that any and all documents produced during discovery may be used against the party Plaintiff, if any, at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the document. This notice is given pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

## E.
## PAID OR INCURRED

5.     Defendant invokes §41.0105 of the Texas Civil Practice and Remedies Code and request that, to the extent Plaintiff seeks recovery of medical or healthcare expenses, the evidence to prove such loss be limited to the amount actually paid by or on behalf of the Plaintiff, as opposed to the amount charged.

## F.
## NET LOSS REDUCTION

6. Defendant also invokes §18.091 of the Texas Civil Practice and Remedies Code and requests that, to the extent that Plaintiff seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, or a loss of inheritance, that the evidence to prove such loss must be present in the form of a net loss after reduction for income tax payments or unpaid tax liability. Defendant further requests that the Court instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to federal income taxes.

## G.
## CONTRIBUTORY NEGLIGENCE

7. Plaintiff contributed to the incident and/or was the sole cause of the incident. In this regard, the Plaintiff failed to keep a proper lookout and failed to be aware of his surroundings.

## H.
## JURY DEMAND

8. Defendant herein demands a trial by jury on all contested fact issues. On this date, a jury fee has been paid.

WHEREFORE, PREMISES CONSIDERED, the above-named Defendant, Target Corporation, having fully answered herein, prays that Plaintiff take nothing by reason of this suit, and that Defendant be discharged. Defendant prays further that all court costs expended or incurred in this cause be assessed and taxed against Plaintiff, and for all such other and further relief, both general and special, at law and in equity, to

which Defendant may show itself justly entitled.

          Respectfully submitted,

          GERMER, PLLC

By: _____
      TROY A. WILLIAMS
      State Bar No. 00788678
      VALERIE LY
      State Bar No. 24053602
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
Telephone: (713) 650-1313
Facsimile: (713) 739-7420
E-Mail: *twilliams@germer.com*
E-Mail: *vly@germer.com*

ATTORNEYS FOR DEFENDANT,
TARGET CORPORATION

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing instrument has been duly served on the following counsel through the Court's e-service on this the 12th day of January, 2021:

    *info@basulaw.com*
    Annie Basu
    Jordan Sloane
    P.O. Box 550496
    Houston, Texas 77255
    *Attorneys for Plaintiff*

_____
TROY A. WILLIAMS

CAUSE NO. 2020-82345

| | |
|---|---|
| JOSE ANGEL HERRERA, | IN THE DISTRICT COURT OF |
| *Plaintiff* | |
| v. | |
| | HARRIS COUNTY, TEXAS |
| TARGET CORPORATION, | |
| *Defendant.* | 125th JUDICIAL DISTRICT |

# RULE 216 REQUEST FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

In accordance with the provisions of Rule 216 of the Texas Rules of Civil Procedure, Defendant, Target Corporation, requests that when this case proceeds to trial it be placed on the Court's jury trial docket.

Respectfully submitted,

GERMER, PLLC

By: _____
TROY A. WILLIAMS
State Bar No. 00788678
VALERIE LY
State Bar No. 24053602
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas  77019
Telephone: (713) 650-1313
Facsimile: (713) 739-7420
E-Mail: *twilliams@germer.com*
E-Mail: *vly@germer.com*

ATTORNEYS FOR DEFENDANT,
TARGET CORPORATION

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing instrument has been duly served on the following counsel through the Court's e-service on this the 12th day of January, 2021:

*info@basulaw.com*
Annie Basu
Jordan Sloane
P.O. Box 550496
Houston, Texas  77255
*Attorneys for Plaintiff*

_____
TROY A. WILLIAMS